Hilario GARCIA PEREZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02-72084.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2005.

Decided Feb. 1, 2005.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Janice K. Redfern, Ethan B. Kanter, Attorney, Washington, DC, for Respondent.

Before: REINHARDT, CLIFTON, Circuit Judges, and WEINER, District Judge.[*]

## MEMORANDUM [**]

Hilario Garcia Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of his application for asylum and withholding of deportation. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

Under the substantial evidence standard of review, we cannot substitute our analysis of which side in the factual dispute we find more persuasive, but must uphold the BIA if there is substantial evidence to support its findings. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). There is substantial evidence supporting the IJ's determination that Garcia Perez

---

[*] The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was not persecuted on account of any political opinion, real or imputed.

In order to establish that he had been persecuted on account of his political opinion, Garcia Perez had to present evidence, direct or circumstantial, that (1) he had been a victim of persecution; (2) he held a political opinion (or his persecutors imputed a political opinion to him); (3) his political opinion was known to his persecutors; and (4) the persecution had been on account of his political opinion. *See Rios v. Ashcroft,* 287 F.3d 895, 900 (9th Cir.2002); *Gonzales–Neyra v. INS,* 133 F.3d 726, 728 (9th Cir.1998). Even if we assume that the IJ's adverse credibility finding was not supported by substantial evidence, and that Garcia Perez was persecuted, there was little to no evidence that Garcia Perez held a political opinion or that his persecutors imputed one to him, and that even if they did impute one, that he was targeted by them because of any such belief.

Garcia Perez testified that the guerrillas were pursuing him because of his youth, agility and military expertise, testimony that was supported by the letter the guerrillas sent to Garcia Perez demanding he join their cause. In addition, he undermined the basis for concluding that his relatives' political opinions were imputed to him by insisting that the reason they were killed was that they would not assist the guerillas in finding him. And we cannot conclude that the guerillas imputed a political opinion to Garcia Perez simply because he had served in the military. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, Garcia Perez has failed to "show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. 812.

By failing to qualify for asylum, Garcia Perez necessarily fails to qualify for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**